KINGS COUNTY.—HON. JACOB I. BERGEN, SURRO-
GATE.—March, 1883.

## GUGEL v. VOLLMER.

*In the matter of the probate of the last will and testament
of MORITZ VOLLMER, deceased.*

Under R. S., part 2, ch. 6, tit. 1, § 42 (3 Banks, 7th ed., 2286), providing
that "no will in writing, except in the cases hereinafter mentioned,
*nor any part thereof,* shall be revoked or altered, otherwise than by
some other will in writing, or some other writing of the testator, de-
claring such revocation or alteration, and executed with the same for-
malities with which the will itself was required by law to be executed;
or unless *such will* be burnt, torn, cancelled, obliterated or destroyed,
with the intent and for the purpose of revoking the same, by the
testator himself," etc.; a part of a will cannot be revoked by cancella-
tion or obliteration.

Testator's will consisted of six pages, four of which were marked across, as
having been stricken out at some time after its execution, with a mar-
ginal note on each of the four pages, in the testator's handwriting, as
follows: "I pronounce this void, July 24, 1878." All the writing on
the pages so marked remained perfectly distinguishable.—

*Held,* no revocation, and that the entire will, as executed, must be admitted
to probate.

Lovell v. Quitman, 88 *N. Y.,* 377—followed.

PETITION, for the probate of decedent's will, by William
Vollmer, a legatee therein named; opposed by Christena.
Gugel, a daughter of decedent. The facts appear suffi-
ciently in the opinion.

BRANCH & BRANCH, *for proponents.*

JAMES P. SANDERS, *for contestant.*

THE SURROGATE.—I think, from the testimony, there is

no question but that the will of Moritz Vollmer was properly executed, and that the only questions left for me to consider are,

*First.* Was there any undue influence exercised over the testator in the execution of the will?

The only evidence offered in support of that position was the letters written by the testator in 1874 to Mrs. Gugel, a daughter by his first wife, and her statement that Mrs. Vollmer, the testator's wife, said, in 1874, that she would do all in her power to save the property for herself and children, but this statement was contradicted by Mrs. Vollmer.

I am of the opinion that it falls far short of the rule, which obtains in this State, that undue influence which will defeat a will "must amount to a moral coercion which restrains independent action and destroys free agency" (see Marx v. McGlynn, *88 N. Y., 357*).

*Second.* The will consists of six pages, four of which are marked across, as having been stricken out at some time after its execution, with a marginal note on each of the four pages, in the handwriting of the testator, " I pronounce this void, July 24, 1878."

The question is now raised whether the portions so stricken out amount to a revocation of the whole will, or to the extent of so much as is crossed out, or must the whole be taken as the testator's last will?

Section 42 of R. S., part 2, ch. 6, tit. 1, provides as follows: " No will in writing, . . . . nor any part thereof, shall be revoked or altered otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required

by law to be executed, or unless such will be burnt, torn, cancelled, obliterated, or destroyed, with the intent and for the purpose of revoking the same, by the testator himself " (see Matter of Prescott, *4 Redf.*, *178*).

In the case of Quinn v. Quinn (*1 T. & C.*, *437*), Mr. Justice BARNARD says that a testator cannot, by obliteration, partially revoke a will duly executed, and that the will, as originally executed, should be upheld. The same doctrine has recently been sustained by the Court of Appeals in Lovell v. Quitman (*88 N. Y.*, *377*).

In the case at bar, all the writing is perfectly distinguishable; it only appears, on the face of the paper, that the pen has been drawn across several pages of it; the testator no doubt thinking that, having conveyed in his lifetime the property mentioned in the several clauses crossed out, they were of no effect; but I do not think he could revoke the devises in that way, and am, therefore, of the opinion that the entire will as executed must be admitted to probate.

Decreed accordingly.